## WHIPLEY *v.* DEWEY *et al.*

WHERE plaintiff moved for a continuance, which was refused, and he thereupon took a voluntary nonsuit, with leave to move to set it aside upon affidavit, and two days afterward (January 5th) gave defendant notice of his intention to make the motion as soon as the affidavit for that purpose could be procured, and the term expired on the last day of that month without any additional steps being taken: *Held*, that although the order permitting plaintiff to move to set aside the nonsuit preserved all his rights in the proceedings, in legal effect it amounted only to permission to move for a new trial, and the statute in relation to new trials not having been complied with, the Court lost all jurisdiction of the matter upon the expiration of the term.

APPEAL from the Sixth District.

Suit to recover the value of two houses averred in the complaint to have been erected by plaintiff on land of defendants, under a lease from them to him, and with an agreement on their part to pay for the buildings. When the case was called for trial, plaintiff moved for a continuance on affidavit by his attorney; that plaintiff was not ready for trial because of the absence of a witness, Butler, and because the attorney had not been able to find the papers in the case until too short a time before the trial to enable him properly to prepare, etc., the papers having been searched for by the Clerk several times and not found.

The continuance was refused, a jury empanelled, when, on motion of plaintiff, an order was made permitting him to take a voluntary nonsuit with leave to move to set it aside, and to read on such motion the affidavit of Butler, then absent from the State, showing certain facts named in the order. The notice, stated in the opinion of this Court, was that plaintiff would move to set aside the nonsuit upon the facts set forth in the affidavit of Butler, to be filed as soon as the same could be obtained. March 1st, 1860, plaintiff made his motion, which was heard on the thirteenth of that month; and on the twenty-third day of April following, the motion was denied. May 7th, 1860, the Court below, of its own motion without notice to defendants, set aside the order of April 23d, and also the nonsuit, and granted a new trial. From the order of May 7th, defendants appeal.

*A. C. Monson*, for Appellants.

I.   The Court erred in setting aside of its own motion the order of April 23d.

II.   The nonsuit was improperly set aside.   A voluntary non-suit has never been set aside, even though leave has been given, unless for error of law committed by the Judge at the time the non-suit is taken, and excepted to by the plaintiffs.   A party cannot move to set aside his own act, unless that has been forced upon him by erroneous rulings of the Court.   (Graham & Wat. New Trials, vol. 1, 280–1–2; Graham's Pr. 310.)   The rule formerly was that the plaintiff must elect to go to the jury; and that if he did not, but submitted to a nonsuit, he waived his rights to move to set the same aside.   The rule is now, however, so far modified that a plaintiff may take a voluntary nonsuit with leave to move to set the same aside, provided he has been compelled to do so from the rulings of the Court, and to which he has excepted; and if the rulings of the Court were incorrect, the nonsuit will be set aside, because the plaintiff was forced into the act by the rulings of the Court, and the rulings being incorrect, he ought to have relief.   But where a party, without any rulings or error committed by the Court, takes a vol-untary nonsuit, he cannot afterwards move to set the same aside, for he has nothing to complain of.

III.   Plaintiff failed to move to set aside the nonsuit until after the term had expired.   He ought to have made his motion and had it continued to the next term, or obtained leave to make the motion at the next term.

*Winans & Hyer*, for Respondent.

I.   The plaintiff having made a showing that if forced to proceed to trial without the presence of a material witness, then absent, he would be forced to take a voluntary nonsuit; the Court thereupon permitted him to take a voluntary nonsuit, with liberty to set the same aside upon producing a sufficient affidavit from said witness.

II.   The motion to set aside the nonsuit in accordance with the liberty given by the Court, was made during the same term, and within the two days prescribed by statute; and it was argued at the succeeding term, and granted by the Court.   This course was perfectly regular.   (*Lurvey* v. *Wells*, 4 Cal. 106.)

III. If it were otherwise, this Court could take no cognizance of the question as to whether the argument was made at the same or a succeeding term, because the record makes no showing on that point, and no such objection was raised in the Court below.

IV. The Court below had full authority to make the order for a voluntary nonsuit, with liberty to move to set it aside. (*Clarkin v. Natoma Water and Mining Co.*, 14 Cal.)

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

When this case was called for trial, the plaintiff moved for a continuance, which was refused, and he thereupon took a voluntary nonsuit, with leave to move to set the same aside upon affidavits. Two days afterwards he gave notice of his intention to make the motion as soon as the affidavits for that purpose could be procured. This notice was given on the fifth of January, 1860, and the term expired on the last day of that month, without any additional steps being taken. The order permitting the plaintiff to move to set aside the nonsuit preserved all his rights in the proceedings, but in legal effect it amounted to nothing more than a permission to move for a new trial, and it was necessary that the provisions of the statute in relation to new trials should be complied with. This was not done, and upon the expiration of the term, the Court lost all jurisdiction of the matter.

The order setting aside the nonsuit and granting a new trial is reversed.